UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JOHN E. THOMPSON, | ) | CASE NO. 2:08-_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| CDL PARTNERS, LLC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, by and through his undersigned counsel, allege and will show the following:

## PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, John E. Thompson, is a resident of the State of Florida.

2. The Defendant is a Corporation organized under the laws of the State of South Carolina, and having its principal place of business in the County of Berkeley, State of South Carolina.

3. The allegations contained herein arise out of the acts and omissions of the Defendant that resulted in an accident involving severe and permanent injuries to the Plaintiff, occurring on or about July 19, 2006, in the County of Charleston, State of South Carolina.

4. The matter in controversy herein exceeds the sum of $75,000.00, and is between citizens of different states, and therefore this Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (a)(1).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a), in that the Defendant resides in this District, and the events and omissions giving rise to the Plaintiff's claims arose in this District.

## FACTUAL BACKGROUND

6. Plaintiff was a residential tenant in unit 2-D of a building owned, operated, and maintained by the Defendant, located at 106 East Hudson Avenue, Folly Beach, South Carolina. Upon information and belief, Plaintiff took possession of the subject premises in or around March 2006.

7. On or about July 19, 2006, the Plaintiff was on the porch outside his apartment. While smoking a cigarette, the Plaintiff leaned back against the balcony railing. The railing then broke away from the porch, and the Plaintiff and the railing fell to the cement driveway below.

8. As a result of this fall, Plaintiff has sustained severe and permanent orthopedic and neurological injuries.

9. In addition to his physical injuries sustained during the accident, Plaintiff has sustained a permanent disability of both upper extremities, and a permanent neurological impairment and disability. As a result of these permanent disabilities, Plaintiff anticipates he will incur significant medical expenses in the future, and further, that his future earning potential will be greatly diminished.

## FOR A FIRST CAUSE OF ACTION
(Negligence/Gross Negligence)

10. The allegations set forth in paragraphs one through nine above are incorporated as if repeated herein.

11. As a residential landlord, the Defendant owed a legal a duty to deliver and maintain the subject premises in a fit and habitable condition, free from latent defects or deficiencies which pose an unreasonable risk of harm.

12. At the times and dates set forth above, the Defendant breached this duty in that the subject premises were not free from latent defects or deficiencies which pose an unreasonable risk of harm.

13. As a result of the breach of this duty, the Plaintiff fell from the porch at the subject premises and has sustained severe and permanent orthopedic and neurological injuries.

14. In addition to his physical injuries sustained during the accident, Plaintiff has sustained a permanent disability of both upper extremities, and a permanent neurological impairment and disability. As a result of these permanent disabilities, Plaintiff anticipates he will incur significant medical expenses in the future, and further, that his future earning potential will be greatly diminished.

15. In addition to his physical injuries, the Plaintiff has endured and continues to endure extreme mental anguish, conscious pain and suffering, and loss of ability to enjoy life.

16. The Defendant's actions were grossly negligent in that they exhibited a willful and wanton disregard for the safety of the Plaintiff and others.

FOR A SECOND CAUSE OF ACTION
(Violation of South Carolina Residential Landlord and Tenant Act)

17. The allegations set forth in paragraphs one through sixteen above are incorporated as if repeated herein.

18. As a South Carolina residential landlord, the Defendant owed a statutory duty to deliver possession of the rented premises in a reasonably safe condition. More specifically, pursuant to S.C. Code. § 27-40-430 and 440, the Defendant owed a duty to comply with the requirements of applicable building and housing codes materially affecting health and safety, and to make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition.

19. At the times and dates set forth above, the Defendant breached this duty in that the subject premises were not free from latent defects or deficiencies which pose an unreasonable risk of harm.

20. As a result of the breach of this duty, the Plaintiff fell from the porch at the subject premises and has sustained severe and permanent orthopedic and neurological injuries.

21. In addition to his physical injuries sustained during the accident, Plaintiff has sustained a permanent disability of both upper extremities, and a permanent neurological impairment and disability. As a result of these permanent disabilities, Plaintiff anticipates he will incur significant medical expenses in the future, and further, that his future earning potential will be greatly diminished.

22. In addition to his physical injuries, the Plaintiff has endured and continues to endure extreme mental anguish, conscious pain and suffering, and loss of ability to enjoy life.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant and that he be awarded damages as determined by a jury in an amount sufficient to compensate his for all the injuries he has incurred, including his

physical injuries, his mental anguish, his conscious pain and suffering, as well as the damages he will continue to suffer in the future.  Further, the Plaintiff prays that he be awarded punitive damages as determined by a jury in an amount sufficient to punish and deter the Defendant's willful and wanton conduct.  Further, the Plaintiff prays for such other relief as the Court deems just and proper.

Respectfully submitted,

By: s/Daniel L. Prenner
_____
Daniel L. Prenner, Esq.
DANIEL L. PRENNER, P.A.
90 Queen Street
Charleston, South Carolina  29401
Telephone: (843) 722-7250
Facsimile: (843) 722-7260
Federal Bar No.: 7814

By: s/Mark W. McKnight
_____
Mark W. McKnight, Esq.
154 King Street
Charleston, South Carolina  29401
Telephone: (843) 577-2837
Facsimile: (843) 722-4094
Federal Bar No.: 2801

ATTORNEYS FOR PLAINTIFF
JOHN E. THOMPSON

Charleston, South Carolina
July 3, 2008